# EXHIBIT 19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

WORLD GOLD TRUST SERVICES, LLC,
a Delaware limited liability company,

     Plaintiff,

v.

FRANKLIN TEMPLETON HOLDINGS TRUST,
a Delaware statutory trust;

FRANKLIN HOLDINGS LLC,
a Delaware limited liability company; and

FRANKLIN DISTRIBUTORS, LLC,
a Delaware limited liability company,

     Defendants.

Civil Action No. 1:22-cv-08641-AKH

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

---

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff World Gold Trust Services, LLC ("WGTS" or "Plaintiff"), by and through undersigned counsel, hereby requests that Defendants Franklin Templeton Holdings Trust ("Franklin Trust"), Franklin Holdings LLC ("Franklin Holdings") and Franklin Distributors, LLC ("Franklin Distributors") or ("Defendants") respond to the following First Set of Interrogatories within thirty (30) days of service. To the extent any of these Interrogatories may be supplemented, changed, or otherwise affected by information acquired by Plaintiff subsequent to the service of its responses, Plaintiff directs Defendants to promptly serve supplemental responses reflecting such changes pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1.      The terms "You," "Your," "DEFENDANTS," or "Franklin Trust," "Franklin Holdings" or "Franklin Distributors" mean Defendants Franklin Templeton Holdings Trust, Franklin Holdings LLC, and Franklin Distributors, LLC, and includes the officers, directors, agents, employees, partners, and affiliates of DEFENDANTS and all other persons (as defined herein) acting or purporting to act on behalf of DEFENDANTS who are subject to the direction or control of DEFENDANTS.

2.      The terms "PLAINTIFF" or "WGTS" mean Plaintiff World Gold Trust Services, LLC and includes the officers, directors, agents, employees, partners, and affiliates of PLAINTIFF and all other persons (as defined herein) acting or purporting to act on behalf of PLAINTIFF or who are subject to the direction or control of PLAINTIFF.

3.      The term "COMPLAINT" means PLAINTIFF'S currently operative complaint. At this time, the COMPLAINT is the Complaint for Patent Infringement filed October 11, 2022.

4.      The term "LITIGATION" means the case pending in the United States District Court for the Southern District of New York, captioned *World Gold Trust Services, LLC v. Franklin Templeton Holdings Trust, Franklin Holdings, LLC and Franklin Distributors, LLC*, Civil Action No. 1:22-cv-8641.

5.      The term "GLD" refers to any and all of PLAINTIFF's rights in the mark "GLD" as used in connection with financial market analysis and research services, and financial services, including but not limited to U.S. Trademark Registration No. 3,247,900.

6.      The term "GLDM" refers to any and all of PLAINTIFF's rights in the mark "GLDM" as used in connection with financial market analysis and research services, and financial services, including but not limited to U.S. Trademark Registration No. 6,252,468.

7.     The term "PLAINTIFF'S Marks" means any and all of Plaintiff's "GLD" and "GLDM" service marks identified in Plaintiff's Complaint, including but not limited to the marks "GLD" and "GLDM" alone or in combination with any other letters, term(s) or design(s).

8.     The term "PERSON" shall mean any natural person, firm, partnership, group, association, corporation, trust, and any other business, governmental, or legal entity.

9.     The term "COMMUNICATION" means any contact or exchange of information whether written or oral between two or more persons, including any of the directors, officers, employees or representatives of any non-natural person, and shall include, without limitation: (a) written contact by such means as letters, memoranda, telegrams, e-mail, facsimile, text messaging, instant messaging, mobile chat applications (e.g., WeChat, WhatsApp, Viber), telex or any other document; (b) oral contact, by such means as face-to-face meetings and telephone conversations; (c) electronically stored information by such means as voice mail or e-mail that is or has been transmitted between any two or more persons and (d) advertisements, publications, press releases, commercials, and other promotional and marketing materials.

10.     The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender as in each case is most appropriate.

11.     The term "including" shall be without limitation.

12.     The term "DOCUMENT" shall have the broadest meanings of "documents or electronically stored information" under Rule 34 of the Federal Rules of Civil Procedure and the federal judiciary's interpretations thereof. It includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, however produced or reproduced. "DOCUMENT" also refers to

3

any tangible object other than a document as described above, and includes objects of every kind and nature as, but not limited to, prototypes, models, and specimens.

13.     The term "THING" shall have the broadest meanings of "tangible things" under Federal Rule of Civil Procedure 34 and the federal judiciary's interpretations thereof.

14.     If DEFENDANTS find the meaning of any term in these requests to be unclear, then DEFENDANTS should assume a reasonable meaning, state what that assumed meaning is, and answer the Request on the basis of that assumed meaning.

## INSTRUCTIONS

1.     These interrogatories call for all information in Your possession, custody, or control, or in the possession, custody, or control of Your attorneys, agents, employees, officers, directors, or representatives, or other PERSONS acting under Your authorization, employment, direction, or control.

2.     If You are unable to answer any of these interrogatories in whole or in part after reasonable inquiry to secure the information requested, You should answer, to the extent possible, explaining why You are unable to answer in full, and provide whatever information that You have CONCERNING the unanswered portion.

3.     If You object to any interrogatory, state the ground(s) of the objection with sufficient specificity to permit the determination of the basis for such objection. Objection to a portion of any interrogatory does not relieve You of the duty to respond to the parts to which You do not object. If You object to the scope or time period of an interrogatory and refuse to answer for that scope or time period, state Your objection and answer the interrogatory for the scope or time period You believe is appropriate (including in YOUR answer a specific statement as to why You believe the scope or time period is inappropriate).

4

4.      If You withhold any DOCUMENT and/or information because You claim that it is protected by the work product doctrine, the attorney-client privilege, or any other privilege or protection, identify the DOCUMENT and/or information by description, date, author or source, a brief description of the nature and subject matter of the DOCUMENT and/or information in sufficient detail to permit other parties to this action to assess the applicability of the asserted privilege or immunity, and state the ground(s) on which You base Your claim of privilege or protection.

5.      In the event an interrogatory answer requires, in whole or in part, Your review of a DOCUMENT which is known to have existed and cannot now be located or has been destroyed or discarded, that DOCUMENT shall be identified by:

      (a)      the last known custodian;

      (b)      date of destruction or discard;

      (c)      the manner of destruction or discard

      (d)      the reason(s) for destruction or discard;

      (e)      the efforts made to locate any DOCUMENTS that have been lost or misplaced;

      (f)      a statement describing the DOCUMENT, including the summary of its contents;

      (g)      the identity of its author(s); and

      (h)      PERSONS to whom it was sent or shown.

6.      With respect to the answer to each interrogatory or subpart thereof, state the source of the information given therein with as much particularity as is reasonably possible, including, without limitation, the nature and designation of any files that contain such information, and the identification of each PERSON or entity that provided any information included in such answer.

In addition, identify each other PERSON known or believed to have some or all of the information sought in such interrogatory or subpart thereof.

7.      Where an identified DOCUMENT is not in Your possession, custody, or control, state the names of the PERSON(S) or entity(ies) who have possession, custody, or control of such DOCUMENT. If the DOCUMENT was in Your possession, custody, or control in the past but is no longer in Your possession, custody, or control, state what disposition was made of it, the reasons for such disposition, identify any PERSON(S) or entity(ies) having any knowledge of such disposition, and identify the PERSON(S) or entity(ies) responsible for such disposition.

8.      If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer, to the extent possible, specifying Your inability to answer the remained and stating whatever information You have CONCERNING the unanswered portions. If Your answer is qualified in any particular way, set forth the details of such qualification.

9.      Whenever an interrogatory requests the identity of a natural PERSON, state to the extent known, his or her:

    (a)      Full name;

    (b)      Present or last known home address;

    (c)      Present or last known business address;

    (d)      Present or last known employer; and

    (e)      If employed by the DEFENDANT, the periods of time so employed, and the area(s) of responsibility during such times.

10.      Whenever an interrogatory requires the identity of a subsidiary, company, corporation, partnership, or other business entity, state to the extent known:

    (a)      Full name;

6

(b)     Address;

(c)     Location of its corporate headquarters;

(d)     Location of its principal place of business;

(e)     Location of the division(s), branch(es), or office(s) which is(are) connected with or handled the matter(s) referred to in the interrogatory; and

(f)     Identify the PERSON(s) acting or purporting to act on behalf of the business entity in connection with the matter(s) referred to in the interrogatory.

11.     Whenever an interrogatory requests the identity of a COMMUNICATION, state whether the COMMUNICATION was written or oral. If written, identify the DOCUMENT(S) in which the COMMUNICATION was made or requested. If oral, state to the extent known:

(a)     The manner in which the COMMUNICATION was made, e.g., in PERSON, by telephone, etc.;

(b)     The identity of each PERSON who participated in or witnessed the COMMUNICATION;

(c)     The present location of each PERSON who participated in or witnessed the COMMUNICATION; and

(d)     The date of the COMMUNICATION.

12.     Whenever an interrogatory refers to or seeks to identify any fact (e.g., a description of an act, transaction, occurrence, dealing, or instance), state and/or identify:

(a)     The date, including the year, month, and day, when it occurred;

(b)     The place where it occurred;

(c)     The identity of each PERSON participating therein;

**Ex. 19, p. 7**

(d)     On whose behalf each said PERSON participated or purported to participate;

(e)     The nature, subject matter, and circumstances surrounding it;

(f)     The nature and substance of all conversations or oral COMMUNICATIONS occurring during, or in connection with, it; and

(g)     All DOCUMENTS relating thereto or reflecting it.

13.     If You answer any interrogatory by reference to records from which the answer may be derived or ascertained, as permitted in Fed. R. Civ. P. 33(d):

(a)     Identify any such records by their corresponding Bates number(s) or otherwise to allow the DOCUMENTS to be easily identified;

(b)     Make available any computerized information or summaries;

(c)     Provide any relevant compilations, abstracts, or summaries in Your possession, custody, or control; and

(d)     Make the records available for inspection and copying within seven (7) days after service of the answers to these interrogatories.

14.     These interrogatories are deemed to be continuing, and pursuant to the obligations imposed by Rule 26(e) of the Federal Rules of Civil Procedure, You are required to promptly supplement Your responses with information as requested herein that may become known or available to You after the date of Your initial answers to these interrogatories.

## INTERROGATORIES

## INTERROGATORY NO. 1

Describe in detail the facts and circumstances concerning the conception, creation, selection, and adoption of "FGLD" for use on or in connection with any good or service, including identifying the origin and meaning of "FGLD."

**INTERROGATORY NO. 2**

Describe in detail the facts and circumstances concerning DEFENDANTS' knowledge of PLAINTIFF, PLAINTIFF'S Marks, or the services offered and/or listed under PLAINTIFF'S Marks prior to June 29, 2022, including, but not limited to, all COMMUNICATIONS about PLAINTIFF, PLAINTIFF'S Marks, or the ETF financial services offered and/or listed under the GLD and/or GLDM services marks or stock tickers, including identifying any all persons who gained knowledge of PLAINTIFF, the GLD or GLDM mark, and the date of first knowledge.

**INTERROGATORY NO. 3**

Describe in detail all studies, clearance searches, surveys, investigations, analyses, or opinions concerning DEFENDANTS' use or planned use of FGLD, including, but not limited to, any investigation or opinions comparing DEFENDANTS' use or planned use of FGLD to PLAINTIFF'S Marks or concerning any similarity, actual confusion, or likelihood of confusion between DEFENDANTS' use or planned use of FGLD and PLAINTIFF'S Marks, and identify all surveys, clearance searches, investigations, analyses, or opinions conducted by or on behalf of DEFENDANTS by date and title.

**INTERROGATORY NO. 4**

Describe in detail the facts and circumstances concerning any opinions, analyses, or communications concerning whether DEFENDANTS' use or planned use of FGLD would or would not infringe on PLAINTIFF'S rights, cause a likelihood of consumer confusion with PLAINTIFF'S Marks or the services offered and/or listed under PLAINTIFF'S Marks, or would otherwise be considered misleading because of the similarity between DEFENDANTS' use or planned use of FGLD and PLAINTIFF'S prior existing GLD and GLDM service marks and ticker symbols.

**Ex. 19, p. 9**

**INTERROGATORY NO. 5**

Describe in detail the facts and circumstances concerning DEFENDANTS' actual and planned use of FGLD anywhere in the United States, including, but not limited to, the time, place, and manner of such use.

**INTERROGATORY NO. 6**

Describe in detail the facts, circumstances, and any COMMUNICATIONS concerning DEFENDANTS' knowledge of all instances of consumer confusion regarding the source, origin, sponsorship, or affiliation between DEFENDANTS' use or planned use of FGLD for gold-backed ETF financial services on the one hand, and PLAINTIFF and PLAINTIFF'S Marks used to identify the source of PLAINTIFF'S gold-backed ETF financial services on the other hand.

Respectfully submitted,


Dated: _____          By:___s/_____
                                   Ian G. DiBernardo
                                   Jason Sobel
                                   Brown Rudnick LLP
                                   7 Times Square
                                   New York, NY 10036
                                   Tel:    212-209-4879
                                   Fax:    212-806-7867
                                   idibernardo@brownrudnick.com
                                   jsobel@brownrudnick.com

                                   Robert R. Brunelli (Application for admission *pro hac vice* forthcoming)
                                       rbrunelli@sheridanross.com
                                   Brian Boerman
                                   New York State Bar No. 4741211
                                       bboerman@sheridanross.com
                                   Sarah J. Schneider (Application for admission *pro hac vice* forthcoming)
                                       sschneider@sheridanross.com
                                   SHERIDAN ROSS P.C.
                                   1560 Broadway, Suite 1200
                                   Denver, Colorado  80202
                                   Phone:  303-863-9700
                                   Facsimile: 303-863-0223

E-Mail:  litigation@sheridanross.com

**ATTORNEYS FOR PLAINTIFF**
**WORLD GOLD TRUST SERVICES, LLC**

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on _____, I electronically served the foregoing **PLAINTIFF'S**

**FIRST SET OF INTERROGATORIES** on all counsel of record via electronic mail.


Dated: _____          By:___s/_____
                                             [NAME]

**Ex. 19, p. 12**