# **EXHIBIT 20**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WORLD GOLD TRUST SERVICES, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>FRANKLIN TEMPLETON HOLDINGS TRUST, a Delaware statutory trust;<br><br>FRANKLIN HOLDINGS LLC, a Delaware limited liability company; and<br><br>FRANKLIN DISTRIBUTORS, LLC, a Delaware limited liability company,<br><br>    Defendants. | Civil Action No. 1:22-cv-08641-AKH |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff World Gold Trust Services, LLC ("WGTS" or "Plaintiff"), by and through undersigned counsel, hereby requests that Defendants Franklin Templeton Holdings Trust ("Franklin Trust"), Franklin Holdings LLC ("Franklin Holdings") and Franklin Distributors, LLC ("Franklin Distributors") or ("Defendants") respond to the following First Set of Requests for Production of Documents within thirty (30) days of service. To the extent any of these Requests may be supplemented, changed, or otherwise affected by information acquired by Plaintiff subsequent to the service of its responses, Plaintiff directs Defendants to promptly serve supplemental responses reflecting such changes pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

You must, in accordance with the definitions and instructions herein, provide sworn, written answers to the following Requests, as well as, or in addition to, producing for inspection

and copying of documents and other tangible things that are in Your possession, custody, or control to support Your answers to the Requests. Your answers, documents, and other tangible things shall be delivered to Plaintiff's attorneys, at the attention of Brian Boerman, Sheridan Ross P.C., 1560 Broadway, Suite 1200, Denver, Colorado 80202 within thirty (30) days of the date of these requests or at such other time, place, and manner to which the parties agree after meeting and conferring in due course.

## DEFINITIONS

1. The terms "You," "Your," "DEFENDANTS," or "Franklin Trust," "Franklin Holdings" or "Franklin Distributors" mean Defendants Franklin Templeton Holdings Trust, Franklin Holdings LLC, and Franklin Distributors, LLC, and includes the officers, directors, agents, employees, partners, and affiliates of DEFENDANTS and all other persons (as defined herein) acting or purporting to act on behalf of DEFENDANTS who are subject to the direction or control of DEFENDANTS.

2. The terms "PLAINTIFF" or "WGTS" mean Plaintiff World Gold Trust Services, LLC and includes the officers, directors, agents, employees, partners, and affiliates of PLAINTIFF and all other persons (as defined herein) acting or purporting to act on behalf of PLAINTIFF or who are subject to the direction or control of PLAINTIFF.

3. The term "COMPLAINT" means PLAINTIFF'S currently operative complaint. At this time, the COMPLAINT is the Complaint for Patent Infringement filed October 11, 2022.

4. The term "LITIGATION" means the case pending in the United States District Court for the Southern District of New York, captioned *World Gold Trust Services, LLC v. Franklin Templeton Holdings Trust, Franklin Holdings, LLC and Franklin Distributors, LLC*, Civil Action No. 1:22-cv-08641-AKH.

5. The term "GLD" refers to any and all of PLAINTIFF'S rights in the mark "GLD" as used in connection with financial market analysis and research services and financial services including but not limited to U.S. Trademark Registration No. 3,247,900.

6. The term "GLDM" refers to any and all of PLAINTIFF'S rights in the mark "GLDM" as used in connection with financial market analysis and research services and financial services including but not limited to U.S. Trademark Registration No. 6252468.

7. The term "PLAINTIFF'S Marks" means any and all of Plaintiff's "GLD" and "GLDM" service marks identified in Plaintiff's Complaint, including, but not limited to, the marks "GLD" and "GLDM" alone or in combination with any other letters, term(s) or design(s).

8. The term "PERSON" shall mean any natural person, firm, partnership, group, association, corporation, trust, and any other business, governmental, or legal entity.

9. The term "COMMUNICATION" means any contact or exchange of information whether written or oral between two or more persons, including any of the directors, officers, employees or representatives of any non-natural person, and shall include, without limitation: (a) written contact by such means as letters, memoranda, telegrams, e-mail, facsimile, text messaging, instant messaging, mobile chat applications (e.g., WeChat, WhatsApp, Viber), telex or any other document; (b) oral contact, by such means as face-to-face meetings and telephone conversations; (c) electronically stored information by such means as voice mail or e-mail that is or has been transmitted between any two or more persons and (d) advertisements, publications, press releases, commercials, and other promotional and marketing materials.

10. The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender as in each case is most appropriate.

11. The term "including" shall be without limitation.

12. The term "DOCUMENT" shall have the broadest meanings of "documents or electronically stored information" under Rule 34 of the Federal Rules of Civil Procedure and the federal judiciary's interpretations thereof. It includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, however produced or reproduced. "DOCUMENT" also refers to any tangible object other than a document as described above, and includes objects of every kind and nature as, but not limited to, prototypes, models, and specimens.

13. The term "THING" shall have the broadest meanings of "tangible things" under Federal Rule of Civil Procedure 34 and the federal judiciary's interpretations thereof.

14. If DEFENDANTS find the meaning of any term in these requests to be unclear, then DEFENDANTS should assume a reasonable meaning, state what that assumed meaning is, and answer the Request on the basis of that assumed meaning.

**INSTRUCTIONS**

1. These requests call for all information in Your possession, custody, or control, or in the possession, custody, or control of Your attorneys, agents, employees, officers, directors, or representatives, or other PERSONS acting under Your authorization, employment, direction, or control.

2. If You are unable to answer any of these requests in whole or in part after reasonable inquiry to secure the information requested, You should answer, to the extent possible, explaining why You are unable to answer in full, and provide whatever information that You have CONCERNING the unanswered portion.

3. If You object to any request, state the ground(s) of the objection with sufficient specificity to permit the determination of the basis for such objection. Objection to a portion of any request does not relieve You of the duty to respond to the parts to which You do not object. If

You object to the scope or time period of a request and refuse to answer for that scope or time period, state Your objection and answer the request for the scope or time period You believe is appropriate (including in Your answer a specific statement as to why You believe the scope or time period is inappropriate).

4. If You withhold any DOCUMENT and/or information because You claim that it is protected by the work product doctrine, the attorney-client privilege, or any other privilege or protection, identify the DOCUMENT and/or information by description, date, author or source, a brief description of the nature and subject matter of the DOCUMENT and/or information in sufficient detail to permit other parties to this action to assess the applicability of the asserted privilege or immunity, and state the ground(s) on which You base Your claim of privilege or protection.

5. In the event a request requires, in whole or in part, Your review of a DOCUMENT which is known to have existed and cannot now be located or has been destroyed or discarded, that DOCUMENT shall be identified by:

    (a) the last known custodian;

    (b) date of destruction or discard;

    (c) the manner of destruction or discard

    (d) the reason(s) for destruction or discard;

    (e) the efforts made to locate any DOCUMENTS that have been lost or misplaced;

    (f) a statement describing the DOCUMENT, including the summary of its contents;

    (g) the identity of its author(s); and

    (h) PERSONS to whom it was sent or shown.

6. Where an identified DOCUMENT is not in Your possession, custody, or control, state the names of the PERSON(S) or entity(ies) who have possession, custody, or control of such DOCUMENT. If the DOCUMENT was in Your possession, custody, or control in the past but is no longer in Your possession, custody, or control, state what disposition was made of it, the reasons for such disposition, identify any PERSON(S) or entity(ies) having any knowledge of such disposition, and identify the PERSON(S) or entity(ies) responsible for such disposition.

7. If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer, to the extent possible, specifying Your inability to answer the remained and stating whatever information You have CONCERNING the unanswered portions. If Your answer is qualified in any particular way, set forth the details of such qualification.

8. If DEFENDANTS are aware that a DOCUMENT or THING, or a group of DOCUMENTS or THINGS, once existed but has been destroyed, DEFENDANTS are requested to state when the DOCUMENT, group of DOCUMENTS, THING, or group of THINGS, was destroyed, why it was destroyed, and the circumstances under which it was destroyed.

9. These requests are deemed to be continuing, and pursuant to the obligations imposed by Rule 26(e) of the Federal Rules of Civil Procedure, You are required to promptly supplement Your responses with information as requested herein that may become known or available to You after the date of Your initial answers to these requests.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS describing or embodying YOUR conception, creation, selection, and adoption FGLD for use in connection with any good or service, including DOCUMENTS identifying the origin and meaning of FGLD.

**REQUEST FOR PRODUCTION NO. 2**

DOCUMENTS sufficient to describe YOUR knowledge of PLAINTIFF, PLAINTIFF'S Marks, or the ETF financial services offered and/or listed under PLAINTIFF'S Marks prior to June 29, 2022, including COMMUNICATIONS sufficient to describe YOUR knowledge of PLAINTIFF, PLAINTIFF'S Marks, and the ETFs offered and/or listed under the GLD and/or GLDM service marks or ticker symbols.

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS describing or embodying any and all studies, clearance searches, surveys, investigations, analyses, or opinions concerning DEFENDANTS' use or planned use of FGLD, including but not limited to DOCUMENTS describing or embodying any studies, investigations, analyses, or opinions comparing DEFENDANTS' use or planned use of FGLD to PLAINTIFF'S Marks.

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS describing or embodying opinions or analyses regarding whether YOUR use or proposed use of FGLD would infringe on PLAINTIFF'S rights, cause a likelihood of confusion with PLAINTIFF'S Marks, or otherwise be considered misleading because of the similarity between DEFENDANTS' use or planned use of FGLD and PLAINTIFF'S prior existing the GLD and GLDM service marks and ticker symbols.

**REQUEST FOR PRODUCTION NO. 5**

DOCUMENTS sufficient to describe YOUR actual and planned use of FGLD anywhere in the United States, including but not limited to the time, place, and manner of such use.

**REQUEST FOR PRODUCTION NO. 6**

DOCUMENTS sufficient to describe all instances of actual confusion regarding the source, origin, sponsorship, or affiliation between DEFENDANTS' use or planned use of FGLD for gold-

backed ETF financial services, on the one hand, and PLAINTIFF and PLAINTIFF'S Marks used to identify the source of PLAINTIFF'S gold-backed ETF financial services on the other hand.

## REQUEST FOR PRODUCTION NO. 7

All DOCUMENTS identified, discussed, referenced, or relied upon by YOU in responding to PLAINTIFF'S First Set of Interrogatories.

Respectfully submitted,

Dated: _____

By: s/ _____
Ian G. DiBernardo
Jason Sobel
Brown Rudnick LLP
7 Times Square
New York, NY 10036
Tel:    212-209-4879
Fax:   212-806-7867
idibernardo@brownrudnick.com
jsobel@brownrudnick.com

Robert R. Brunelli (Application for admission *pro hac vice* forthcoming)
rbrunelli@sheridanross.com
Brian Boerman
New York State Bar No. 4741211
bboerman@sheridanross.com
Sarah J. Schneider (Application for admission *pro hac vice* forthcoming)
sschneider@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado  80202
Phone:  303-863-9700
Facsimile: 303-863-0223
E-Mail:  litigation@sheridanross.com

**ATTORNEYS FOR PLAINTIFF
WORLD GOLD TRUST SERVICES, LLC**

## CERTIFICATE OF SERVICE

  I hereby certify that on _____, I electronically served the foregoing **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on all counsel of record via electronic mail.


Dated: _____    By:   s/_____
               [NAME]