# **EXHIBIT 21**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WORLD GOLD TRUST SERVICES, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN TEMPLETON HOLDINGS TRUST, a Delaware statutory trust;<br><br>FRANKLIN HOLDINGS LLC, a Delaware limited liability company; and<br><br>FRANKLIN DISTRIBUTORS, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Action No. 1:22-cv-08641-AKH |

**PLAINTIFF WORLD GOLD TRUST SERVICES, LLC'S NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION TO DEFENDANT FRANKLIN DISTRIBUTORS, LLC**

PLEASE TAKE NOTICE that, under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff World Gold Trust Services, LLC ("WGTS"), by and through its attorneys, will take the deposition of Defendant Franklin Distributors, LLC ("Franklin Distributors") commencing at [**DATE AND TIME TO BE AGREED UPON**], at [**LOCATION TO BE AGREED UPON**], or at another time, date and location as the parties mutually agree in writing, to be continued from day to day until completed as provided in the Federal Rules of Civil Procedure. The deposition will be recorded by videotape, digital recording, videography, and/or stenographic means by a person authorized to administer oaths. The deposition will be taken for the purposes of discovery, for use at trial in this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure and the rules of this Court.  Under Fed. R. Civ. P. 30(b)(6),

Franklin Distributors is required to offer one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf and set forth the matters on which each person is designated to testify. Each person designated must testify about information known or reasonably available to the organization.

                                Respectfully submitted,

Dated: _____

By:   s/_____
      Ian G. DiBernardo
      Jason Sobel
      Brown Rudnick LLP
      7 Times Square
      New York, NY 10036
      Tel:   212-209-4879
      Fax:   212-806-7867
      idibernardo@brownrudnick.com
      jsobel@brownrudnick.com

Robert R. Brunelli (Application for admission *pro hac vice* forthcoming)
    rbrunelli@sheridanross.com
Brian Boerman
New York State Bar No. 4741211
    bboerman@sheridanross.com
Sarah J. Schneider (Application for admission *pro hac vice* forthcoming)
    sschneider@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202
Phone: 303-863-9700
Facsimile: 303-863-0223
E-Mail: litigation@sheridanross.com

**ATTORNEYS FOR PLAINTIFF WORLD GOLD TRUST SERVICES, LLC**

2

3

**CERTIFICATE OF SERVICE**

     I hereby certify that on _____, I electronically served the foregoing PLAINTIFF WORLD GOLD TRUST SERVICES, LLC'S NOTICE OF FED. R. CIV. P 30(b)(6) DEPOSITION TO DEFENDANT FRAKLIN DISTRIBUTORS, LLC on all counsel of record via electronic mail.

Dated: _____          By:   s/_____
                                                   [NAME]

## ATTACHMENT A

## DEFINITIONS

1.  The terms "You," "Your," "DEFENDANTS," or "Franklin Trust," "Franklin Holdings" or "Franklin Distributors" mean Defendants Franklin Templeton Holdings Trust, Franklin Holdings LLC, and Franklin Distributors, LLC, and includes the officers, directors, agents, employees, partners, and affiliates of DEFENDANTS and all other persons (as defined herein) acting or purporting to act on behalf of DEFENDANTS who are subject to the direction or control of DEFENDANTS.

2.  The terms "PLAINTIFF" or "WGTS" mean Plaintiff World Gold Trust Services, LLC and includes the officers, directors, agents, employees, partners, and affiliates of PLAINTIFF and all other persons (as defined herein) acting or purporting to act on behalf of PLAINTIFF or who are subject to the direction or control of PLAINTIFF.

3.  The term "COMPLAINT" means PLAINTIFF'S currently operative complaint. At this time, the COMPLAINT is the Complaint for Patent Infringement filed October 11, 2022.

4.  The term "LITIGATION" means the case pending in the United States District Court for the Southern District of New York, captioned *World Gold Trust Services, LLC v. Franklin Templeton Holdings Trust, Franklin Holdings, LLC and Franklin Distributors, LLC*, Civil Action No. 1:22-cv-8641.

5.  The term "GLD" refers to any and all of PLAINTIFF's rights in the mark "GLD" as used in connection with financial market analysis and research services, and financial services, including but not limited to U.S. Trademark Registration No. 3,247,900.

6.  The term "GLDM" refers to any and all of PLAINTIFF's rights in the mark "GLDM" as used in connection with financial market analysis and research services, and financial services, including but not limited to U.S. Trademark Registration No. 6,252,468.

7. The term "PLAINTIFF's Marks" means any and all of Plaintiff's "GLD" and "GLDM" service marks identified in Plaintiff's Complaint, including but not limited to the marks "GLD" and "GLDM" alone or in combination with any other letters, term(s) or design(s).

8. The term "PERSON" shall mean any natural person, firm, partnership, group, association, corporation, trust, and any other business, governmental, or legal entity.

9. The term "COMMUNICATION" means any contact or exchange of information whether written or oral between two or more persons, including any of the directors, officers, employees or representatives of any non-natural person, and shall include, without limitation: (a) written contact by such means as letters, memoranda, telegrams, e-mail, facsimile, text messaging, instant messaging, mobile chat applications (e.g., WeChat, WhatsApp, Viber), telex or any other document; (b) oral contact, by such means as face-to-face meetings and telephone conversations; (c) electronically stored information by such means as voice mail or e-mail that is or has been transmitted between any two or more persons and (d) advertisements, publications, press releases, commercials, and other promotional and marketing materials.

10. The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender as in each case is most appropriate.

11. The term "including" shall be without limitation.

12. The term "DOCUMENT" shall have the broadest meanings of "documents or electronically stored information" under Rule 34 of the Federal Rules of Civil Procedure and the federal judiciary's interpretations thereof. It includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, however produced or reproduced. "DOCUMENT" also refers to

5

any tangible object other than a document as described above, and includes objects of every kind and nature as, but not limited to, prototypes, models, and specimens.

      13.     The term "THING" shall have the broadest meanings of "tangible things" under Federal Rule of Civil Procedure 34 and the federal judiciary's interpretations thereof.

      14.     If DEFENDANTS find the meaning of any term in these requests to be unclear, then DEFENDANTS should assume a reasonable meaning, state what that assumed meaning is, and answer the Request on the basis of that assumed meaning.

## TOPICS OF DISCUSSION

**TOPIC NO. 1:**

The conception, creation, selection, and adoption of FGLD for use on or in connection with any good or service, including the origin and meaning of FGLD.

**TOPIC NO. 2:**

Your knowledge of PLAINTIFF, PLAINTIFF's Marks, and the services offered and/or listed under PLAINTIFF's Marks prior to June 29, 2022,.

**TOPIC NO. 3:**

Any and all studies, clearance searches, investigations, analysis, or opinions concerning your use or planned use of FGLD, including but not limited to any studies, investigations, analyses, or opinions comparing your use or planned use of FGLD to PLAINTIFF's Marks or the ETF financial services offered and/or listed under the GLD and GLDM service marks and stock tickers.

**TOPIC NO. 4:**

Any and all opinions, analyses, or communications concerning whether Your use or planned use of FGLD would infringe on PLAINTIFF's rights, cause a likelihood of confusion with PLAINTIFF's Marks or the services offered and/or listed under PLAINTIFF's Marks, or would otherwise be considered misleading because of the similarity between DEFENDANT's use or planned use of FGLD and PLAINTIFF's prior existing GLD and GLDM service marks and ticker symbols..

**TOPIC NO. 5:**

Your actual and planned use of FGLD in the United States.

**TOPIC NO. 6:**

Your knowledge of any instances of consumer confusion regarding the source, origin, sponsorship, or affiliation between DEFENDANTS' use or planned use of FGLD for gold-backed

ETF financial services on the one hand, and PLAINTIFF and PLAINTIFF's Marks used to identify the source of PLAINTIFF's gold-backed ETF financial services on the other hand.